NOT DESIGNATED FOR PUBLICATION

No. 117,027

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMIAH D. CLOUD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed September 22, 2017. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Jeremiah D. Cloud appeals the district court's decision to revoke his probation and impose his underlying sentence of 130 months in prison.

On March 10, 2016, Cloud pled guilty to one count of possession of methamphetamine with intent to distribute, a severity level 2 nonperson felony; one count of possession of paraphernalia to distribute, a severity level 5 nonperson felony; and one count of proceeds derived from violations of drug laws, a severity level 5 nonperson felony. Cloud's presentence investigation report indicated his criminal history score was C with 25 prior convictions. His primary offense, possession of methamphetamine with

1

the intent to distribute, was a presumptive prison offense with a term ranging from 117 months' to 130 months' imprisonment.

At sentencing, the district court granted a downward dispositional departure. It sentenced Cloud to 36 months' probation with an underlying sentence of 130 months' imprisonment. The court cited agreement of the parties and length of time since Cloud's last felony conviction as the basis for the departure.

On August 25, 2016, the State filed a warrant alleging Cloud had violated the terms of his probation by: (1) committing possession of opiates and use/possession with intent to use drug paraphernalia in Sedgwick County; (2) submitting a urine sample that tested positive for amphetamines; and (3) admitting to using methamphetamine. On September 6, 2016, the State filed another warrant alleging Cloud had violated the terms of his probation by: (1) submitting another urine sample that tested positive for amphetamines; (2) committing possession of marijuana, possession/use of drug paraphernalia, possession of opiates, and possession of controlled substances with intent to distribute in Harvey County; and (3) leaving Sedgwick County without permission of his intensive supervision officer (ISO).

The district court held a probation revocation hearing on October 4, 2016. Cloud waived his right to an evidentiary hearing. He admitted to all the allegations in the August 25, 2016, warrant. He admitted to most of the allegations in the September 6, 2016, with the caveat that he only pled guilty to possession of methamphetamine in Harvey County.

Cloud's ISO recommended that Cloud's probation be revoked and his underlying sentence be imposed due to his commission of new offenses while on probation, his criminal history, and his behavior while on probation. Cloud asked the district court to reinstate his probation so he could receive treatment for his drug addiction. He argued he

had not had a chance to avail himself of treatment because he had only been on probation for a short period of time and he was having trouble "getting back on his feet."

Based on the facts of the case, the nature of Cloud's original charges, and his criminal history, the district court found Cloud was not amenable to probation. The court found it did not have to impose intermediate sanctions because Cloud had committed new felonies, and it ordered him to serve his underlying sentence of 130 months' imprisonment. The court also denied Cloud's motion to modify his sentence to 60 months.

On appeal, Cloud argues the district court abused its discretion by ordering him to serve his underlying sentence instead of reinstating his probation. He contends he made clear that he had a drug problem which overwhelmed him and he was unable to set up treatment before he violated the conditions of his probation. If the court had given him the opportunity to participate in inpatient treatment while on probation, he could have treated his addiction while also working and supporting his family. Doing so would also have promoted offender reformation and reserved prison space for violent offenders.

Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

We find that the district court's decision to revoke Cloud's probation and impose the underlying sentence was not based on an error of fact or law. Cloud admitted to

3

almost all of the alleged probation violations, including committing at least two new felonies. As Cloud acknowledges, K.S.A. 2016 Supp. 22-3706(c)(8) authorizes the district court to revoke a defendant's probation and impose the underlying sentence without first imposing intermediate sanctions when a defendant commits a new offense.

We also find the district court's decision was not arbitrary, fanciful, or unreasonable. The court gave Cloud leniency by granting a downward dispositional departure and placing him on probation. After being on probation approximately six months, he had committed multiple new offenses as well as other violations of the conditions of his probation. Based on this record, a reasonable person could agree that Cloud was not amenable to probation. Thus, the district court did not abuse its discretion by revoking Cloud's probation and ordering him to serve the underlying sentence.

Affirmed.